Thank you, please be seated Spaces in radio marriage of dicks and grow for the appellant, mr. Hoekstra Pronounce that correctly and for the athlete, mr. Pell Okay, sorry No Judge connect is on this panel But is ill today So he's going to listen to the oral arguments when they're available online tomorrow, and he will but be participating by that fashion Let's see John Hoekstra for the appellate Michael Grove The point of emphasis and there are a few of them but the point of emphasis that we want to make sure we're clear on is the starting point and that is section 6 10 dealing with modification of custody in this case we had a joint parenting agreement that was agreed to by the parties it was a Arrangement with equal parenting time essentially the children two days of the week with mother two days with father and then they basically essentially weekends with some modifications of the weekend situation along the way 6 10 requires for a modification that the Person required requesting a modification prove by clear convincing evidence that a modification is necessary and Assuming of course that the person achieves their burden of proof that The second step being is with modification the best interest of the children It's interesting that section 6 10 contains the clear convincing Language in the same clause in other words. It's the same Clear and convincing applicable to the change in circumstances as it is the best interest standard So at the outset we take exception with the court's finding when he first found that there had been change in circumstances He then indicates that the best interest standard is not by the clear and convincing standard Simply by preponderance of the evidence we take exception to that we think this language of 6 10 It's all in the same clause the clear and convincing this standard applies not only to the change in circumstances, but the best interest in the that first clause concludes that By clear and convincing evidence that the modification is necessary to serve the best interest of the child so again we believe the Statute is clear on its face that both steps that the court is required to consider Has to be by a clear and convincing evidence standard, but at the outset of course our First position is that the court erred in finding that the joint Parenting agreement should be terminated as a court is aware The trial court in its findings indicated that the parties were not able to cooperate in fact Trial courts that they weren't able to cooperate on anything And he bases that Conclusion is the reason to terminate the joint parenting agreement We submit that that really was the only finding that the trial court made as the basis to In his opinion the parties were not able to cooperate But if we analyze the evidence on that fact what it came down to further was the courts quarrel or dissatisfaction with the fact that the parties had Involved their communication to electronic means texts and emails essentially the evidence Here on the record is that the parties? talked by telephone Shortly after the time of the divorce mother was not Satisfied with father's comments to her apparently She makes the comment that he was yelling at her so she Unilaterally determined that from here on in we're not going to be talking by telephone Everything has to be by email or text in other words electronic communication It's interesting that both parties in their testimony referred to stacks of Email communications they have copies of these things there is a lot of communication going on between these parties. It's consistent it's Regular it's all the way up until the day before the conclusion of the trial when these parties got text each other or email Concerning a situation involving one of the children. I think was specifically up An extracurricular activity as the court is aware here these parties children were fairly active They were involved in softball and various activities So there was communication back and forth between the parties with regard to that including as I say up until the day before trial The court in its findings states no I expect you to folks to talk meaning and he had to mean by that To talk face to face or at least by telephone. That's the conclusion we reach he wasn't Specific, but that's what it has to be that his conclusion was no you need to talk to each other obviously not by electronic communication He cites the opinion As when he when he when the trial court indicates this that as support for this the that Cites in your opinion provide support for that and Really, it really doesn't because that opinion does not anywhere indicate that parties have to communicate Personally or via telephone it simply states as we all know that parties are required to cooperate There's no question about that. They are required to cooperate The statute is is clear on that so the question becomes is the fact that these parties were communicating? Electronically rather than by telephone is that a sufficient basis to? Reach the conclusion by clear and convincing evidence that these parties are unable to cooperate we Submit that that is not that fact is not sufficient The record is devoid of any other evidence to suggest that the parties were not able to cooperate In fact it's to the contrary as I mentioned Numerous consistent regular communication between the parties albeit by text and emails Mr.. Grove the father testified that they were able to cooperate on matters involving certainly extracurricular activities Scheduling conflicts come up these kids have to be a practice whatever they were able to work together on that Mother on the other hand simply makes a statement and maybe maybe two states, but next simply makes a statement that well We weren't able to cooperate, but there's just simply no evidence to support that statement as The person having the burden of proof mother it was incumbent upon mother We believe to come in and provide specific Examples, okay, where and how have you not been able to cooperate? not come not necessarily communicate because if the conclusion is that They have to communicate verbally rather than by electronic means well, then I guess then the trial court was correct but on the issue of cooperation Mother it was required. We believe to come in and tell the judge what areas That these parties were unable to cooperate together on Matters affecting the children and that is very important because as we know the statute dealing with joint custody and joint parenting provides that The issue of Cooperation is applicable only in matters that directly affect That's a quote from the statute that directly affect the joint parenting of the child further and this is a Separate clause in the statute this court shall not consider the inability of the parents to cooperate in matters that do not affect Joint parenting so the legislature says it wants in the first clause and then repeats it again In the same in the same section of the statute as we indicated in our reply brief We believe that this what is we believe is certainly an indication by the legislature that? They didn't want animosity or issues between the parents to be a roadblock to a joint parenting arrangement and as I mentioned in the brief We believe that makes sense because of course in almost every divorce. There's the very reason for the divorce itself is animosity The parties that's to be expected Further we don't expect these parties that having been divorced to magically all of a sudden become best friends again It's unrealistic to expect that that's certainly not what's happened in this case, but the statute the legislature We believe was making a point that Before we're going to throw out a joint parenting agreement We have to be sure that these parties are unable to cooperate on matters pertaining to the children here Animosity between the parties we think is not sufficient. We believe that's what the legislature meant dealing with this statute so again We know that there was some animosity between the parties mother testifies father was Really was not an agreement with that his testimony was when she just decided that we weren't going to talk anymore phone or whatever so okay, we're doing it by electronic, but Your view of this is that petitioner basically suffered from a case of buyer's remorse With this joint parenting agreement and then unilaterally sought to torpedo it I'm not going to go so far as to say that but certainly that could be a conclusion that could be drawn from the evidence It would be easy for a party to do just that Having for whatever reason decided they didn't like the agreement It would be and then simply say well, you know by the by virtue of the fact that we can't talk Well, that means we can't cooperate so guess what we've got to throw this thing out I'm not again. I'm not going to go so far as to say that's what happened in this case But well you would you are saying that it was unilateral in terms of the failure to? communicate orally That that was petitioners choice your client you say was open to discussing These matters orally, but that it was petitioner who said well, we're going to do it via text or email right correct That was the basis of the trial court's decision you say to Do what it did here not necessarily an improper motive Certainly the judges trial court's Joint parenting agreement had to be terminated because of the fact that they were not communicating directly and again Really from our perspective it really doesn't make any difference whether mother intentionally set out to do this The fact is the evidence doesn't support the conclusion that these parties were unable to cooperate Cooperation is the key word not necessarily communication although they were communicating. There's ample evidence All right, and so even if that you're saying and you're being very You're being a gentleman about it if even if that's not the motivation here You're saying that that this were to be allowed that that wouldn't a party could have an ulterior motive and unilaterally Sabotage a joint parenting agreement by refusing to cooperate Certainly appears to us to be the case as I mentioned it would be easy We think for someone to just come in and say yeah, I'm not talking It's only by electronic means or whatever so therefore as I mentioned by virtue of that fact if if The trial courts conclusion is correct that would mean the extension of that that anybody could come in and raise the same issues I think as another point it is interesting that She filed this petition literally right after the two years had expired Matter I didn't review the record. I think she had filed a petition before that if I'm not mistaken Which had been dismissed and that she refiled I could be wrong about that Anyway, it's interesting that she did so Immediately virtually immediately after the two years had expired so she could come in and try to do this under the lesser standard But in any event our position here is Whether or not there was a motive by mother to scuttle this agreement and take steps to do that the evidence simply Isn't there to support the failure to cooperate and again that I keep mentioning that standard That is the legal standard And Trial court made no other findings and his comments that these parties don't communicate directly therefore they don't cooperate and again Goes even further and says they don't cooperate on anything, and that's simply contrary to the records On the issue of the best interest And again our position is clear there wasn't a change in Circumstances here that would support termination of a joint parenting agreement Certainly the court made no findings of change in circumstances other than what we just discussed here today by time the issue of the best interest of the children We further believe that the court was required to find that there had been a change in circumstances First and then that if so that these would necessitate by clear and convincing evidence we believe Modification of custody I've cited all the facts in the brief To support our position that there simply wasn't a change in circumstances neither of the parties had moved The children's friends were no different really than they were at the time of the divorce They were doing very well in their schools their honor rolls That nothing had changed in that regard There's been no real change in the children's routine at either household There was a problem between Ashley and mother with regard to what she described as anger issues But and this isn't this is not disputed And it's unrebutted anger issues. She exhibited between her and her mother Not between her and her father. That's why we believe she took Ashley to counseling. She did not notify mr. Grove in advance of this Presumably because well she was one having the problem with Ashley As mr. Grove testified repeatedly he was surprised to learn that mother had taken Ashley to counseling for Anger problems because he had never exhibited anything in that regard and the testimony is clear from his perspective as well as all of the the the witnesses that testified on behalf of father even the witness for Mother Indicated that there was no Evidence of any anger issues exhibited between Ashley and father if there was any anger issues they were between mother and the father well Is that a change in circumstances, I suppose it could be but it's not a change in circumstances that would We believe tend to make mr. Grove not the proper person to have to continue to have a joint parenting mr. Grove wasn't contesting custody. He just wanted to leave everything the same no changes The fact that my mother had issues between herself and Ashley should not have been a fact We believe in the court Modifying custody of the children otherwise there was simply no Manifestation in any area of these children's lives That they were unhappy Certainly we would expect such I think if these if these children were so unhappy that they had to have things change You would you would expect a Problem with school at some sort some great issues some behavioral issues you would expect something. They're not eating as well They're not interacting become withdrawn Something that would manifest the supposed unhappiness of these children there was no evidence whatsoever such manifestation as a matter of fact the evidence is the contrary that The relationship between the children and father was no different than it was at the time of the divorce And mother interestingly did not present any evidence to suggest that the relationship between the father and the children had deteriorated We have the children's testimony, but we believe that To two things about that testimony one. It's suspect Given the comments if you look carefully at their testimony including both of them saying they use the words they block it out We we find that testimony to be suspect and Suggestive of some influence when both children young children are using the same terminology But be that as it may really all they're saying is that the father yells at them that he has a temper, but If we take that that testimony And compare it to all of the rest of the evidence It is our our opinion our position that it's just simply not corroborate. There's not evidence here that supports these children's children's testimony So the bottom line is we just do not believe That on the issue of best interest and whether there should be a modification of custody that there was sufficient evidence by clear and convincing standard that there had to be a Modification of custody it was not Changing circumstances, and we do not believe the children's testimony standing alone Should have been the basis for the court to modify custody the evidence as I mentioned is virtually unequivocal that these children's Daily lives that their interaction with father certainly had not changed Thank you, you'll have additional time on rebuttal Aaron Galley on behalf of the appellee The first point And I guess to start this in the proper context I Would note that the court in making its findings specifically stated What I would love to have heard today is not the failures that we've had with the cell phone and pickups and deliveries and all This other stuff. I would like to have heard about their successes the fact is The parties could not cooperate at the time the joint parenting agreement was entered into they've never cooperated since that point And it's been said this I've heard phrase That you can tell the relationship is starting to break down a business relationship When the communication starts to happen just in writing why everyone's trying to preserve the record there's mistrust That is exactly what happened here It's true. There was Communication sent in writing and there were stacks of emails and text messages the basis of the courts Termination of the joint parenting agreement was not the manner of the communication that it was electronic per se But the fact that they weren't able to discuss the issues and make joint decisions. There are two parents operating independently of each other specifically stated by the trial court and As the case the Wyckoff case that I decided in my brief Where there's no cooperation joint parenting should be readily terminated Looking at the statute and I'll start with the statute for the modification the clear convincing standard Yes must be clear convincing that there has been a change in circumstances What picture are we looking at we're looking at the picture that was given to the trial court when he made his original decision to That's a change in circumstances, it's not necessarily what the actual facts were the trial court judge Travers He didn't know the parties could cooperate at the time He says when he makes the findings had I known that there was no cooperation here. I never would have approved this They never should have had joint parenting There was a change in the picture that was presented to the trial court at the time that the joint parenting agreement was approved That's the change in circumstances, and it was clear and convincing Counsel it Let's assume that your view of the transcript of the trial court's comments is accurate that he wasn't determining The issue based on the actual means of communication That being texting or emailing But it was a failure to cooperate. That's the gist of what you're saying here, correct What are the examples what examples are there of the failure to cooperate them well the first example would be There was testimony mother testified that she's had no support on any issues. He didn't go to the doctor's appointments. I believe father's own witness testified that She was at a family event that the children were not able to attend because the parents could not agree on Exchanging weekends, so there are issues of her visitation where they could not make an agreement The counseling that father was not did not know about that's another issue that they did not cooperate Explain that how does that an example of a failure to cooperate? because If a child is having an issue whether it's the anger that's being that she's acting out whether it's directed towards another father Is it really the Essential point point is she's in counseling there. It is affecting her. That's a significant effect on her emotional state the parents ought to cooperate in The counseling the school that's a major life decision. That's Significant, but did your mother did did your client tell the father that the there was counseling going on she did not The testimony is that she did not how can that then be charged against the father? Because and part of this is what mr.. Hofer had touched on Yes, they were talking, but this is similar to another case that I cited where the father Smithson where the father was dictating Not discussing there was no give-and-take. He was dictating what he wanted now the parties They have disagreements that don't affect the children, okay fine But when they have disagreements, and maybe the disagreements aren't about the children, but it does affect the parents ability to join parents Yes, it is an issue, and it is appropriate for the trial court to consider mother testified that she was afraid to talk to father Part of the reason and she testified is that the father he was very controlling and bossy things were his way or no way She said that she was afraid of him prior to the dissolution, but she felt that when she was in the home She was a buffer Acted as a buffer for the children where she he would take his anger out on her and not the children She feels that and this is what her testimony was it he has continued to deal with her in this way now that Dynamic between them did affect their ability to joint parent because she did not feel comfortable telling father about the counseling And in fact her testimony was is The reason she didn't also tell him was because she thought he might be the cause and he didn't want to make him angry Because it would affect their ability to joint parent and make joint decisions, so If you look at the facts, maybe it's not Specifically about the children that they're fighting about but it spills over into their discussions about the children and it affects their ability to join parent If they can't make joint decisions about going to the doctor's appointments knowing what's going on with the children going to the counseling going to the schools Understand what's going on school other than maybe looking at a grade card every once in a while That's not joint parenting joint parenting is cooperation to an unusual degree and that's a seat singer opinion that the trial court cited, so If there's no cooperation there shouldn't be joint parenting And we can sit here and look at maybe father shouldn't be punished But that's not the issue the issue is what is in the best interest of the children well And I understand that concept but if you Recall the questions that I asked those counsel If a party can unilaterally refuse to cooperate Doesn't that then allow in cases such as this the ability to basically torpedo a joint parenting agreement even if there is no misconduct or conduct on the part of the other party that would Justify a Dissolution of the the joint parenting agreement And I believe that's exactly what happened in the seating or opinion where the joint parenting termination was Found to be a little bit of use of discretion basically the court said look they've cooperated on visitation look at the areas This is the health work look the areas they have cooperated on there hasn't been a change here here There has been a change. They never did cooperate prior to the joint parenting agreement being entered into they didn't cooperate afterwards So we're not dealing with the situation where the parties are Cooperating and agreeing they enter the joint parenting agreement Buyers are more six months later. I don't like this. I think I'm gonna stop cooperating. That's not what happened here Yeah, and I'm troubled by your use of the phrase They're not cooperating because what I'm trying to get at is I understand The mother is refused to Communicate orally and only wants to communicate via text or email and the trial court identified that as a example of failure to cooperate But put it more in terms of the party's failure to cooperate And what is it specifically about the father's side of things that is evidence of his failure to cooperate? because I can see instances where there might be at the time of the formation of the joint parenting agreement Both parties both mother and father wanting to participate in a joint parenting agreement Later one saying no, I don't like this. I want to go for it all I want sole custody the other one may have been doing everything Appropriately under the joint parenting agreement, and it could be unilaterally exploited by a single party to Basically terminate the arrangement I Understand that and the trial court I think what's important is that we're in the abusive discretion standard here where this was a factual finding that there was no cooperation between the Parties at the time that the joint parenting agreement was entered into When the trial court looked he specifically said the portion of the statute that we're looking at is a change in the circumstances from the time Not change in circumstances since the time but the change in the circumstances That were made known to the court at the time that is where his specific finding was so his finding That's just a different situation because his findings based on What was going on at the time of the joint parenting agreement if they could not cooperate then a cooperation has to be to an unusual degree joint parenting in the trial court says Well, I understand that people try to buy their piece But that doesn't mean and there's other other cases that that's in the best interest of the children It's not good for children. It's detrimental. It could be an abuse of discretion that some authorities have stated which I cited in my brief I'm sorry, but Constantly bouncing children back and forth between a household could be an abuse of discretion Joint parenting it truly has to be cooperation of a high degree. That's that's what the authorities and if it didn't happen at the time Maybe one parent sabotaging afterwards, but it never existed anyway, and it ought to be readily terminated when it doesn't exist. That's a white guy Because as much as one parent might manipulate it It's still putting the children in the middle and what happened here the trial court was very mechanical in its approach of There's a change in circumstances. That's clear convincing evidence a modification is necessary for the children clear and convincing Then went through the factors because there was no Well there was equal time between the parents at the time So there was no presumption. There's no primary residential custodian that specified the joint parenting agreement, so it was somewhat unique in that And I realize I'm transitioning a bit from the question but When that modification was necessary and that was clear and convincing that it was necessary we were still in the abuse of discretion standard if the trial court And I think this goes back to the concern about a parent torpedo torpedo agreement and Ought to be able to have whatever they agreed to if you're constantly shifting the children it could be detrimental There's it's the goal is not to equal parenting time, and I know that's something that's been The appellant has said well. I wanted equal parenting time That's not the goal of joint parenting the goal of joint parenting is that parents cooperate on significant issues that affect the children It's not necessarily equal parenting time and bouncing back and forth this goes against cuts against the authorities that say Well the appellate court is found and that would been Swanson and Dovey, but that's detrimental to the children Bouncing back and forth could be an abuse of discretion so Our position is that if he had kept it I mean that itself could have been the abuse of discretion particularly where the parties whether it was Whatever the motive was are not cooperating That certainly could be a factor in who is awarded custody if one parent is purposely Being difficult to torpedo an agreement That's something the child court could consider and whether that person ought to have custody whether that's in the best interest And going through those factors The situation here is that they never did cooperate And the communication it would be one thing if there was evidence brought forth the communication was That there was a two-way street of discussion among the right instead, but we have our two parties dictating to each other The So it's not necessarily that okay They don't talk face-to-face there could be a situation in theory where parents are not able to talk face-to-face Enjoy parenting could still be appropriate and the trial court never said that by itself The means of communication is the problem And Child for decision was not just based on that And I think that also ties into the argument about the children and what off weight ought to have been given to the children The trial court is the person who saw the witnesses. He had the opportunity to use the demeanor of the witnesses and That is entitled to great weight So to sit here and pick apart the cold record as far as what the children said was vague What other people say the fact is the judge sat there watch the parties and their witnesses testified He is in the best position to figure out what's really going on here The children maybe they gave big statements, but to sit there and question the children about specific questions What is what's your problem with mom tell me about this tell me about that? going into specific questions is what the trial court ought not to be doing and the authority I cited for that Was it's in my brief but the problem is Children could then blame themselves. I said something in particular so The appellate court he was doing everything right he was following the authority which says when you ask the children You shouldn't pry into the details. You don't want them to think it's their fault He even said when he was making this is his oral announcements at the end He said could I shovel this off on the children? Yeah, I could but that's not what I'm doing here Here is your inability to cooperate he specifically said it was not because of any statements that the children With that being said I Would acknowledge that the trial court did say He did say the words hundreds of an evidence once he had already found by clear convincing evidence that a modification was necessary and Part of the reason for that is that there was no It was a tie at that point. He said it's okay. It's done. It's out you guys can't cooperate joint parenting It's gone now. I have to decide who's going to have custody At that moment he had done 50-50 even put the time that could have been itself an abuse of discretion So his award of custody to mother Was appropriate And leave it was necessary It is in the best interest of the children and to say that it's an abuse of discretion It's not readily apparent that the trial court made a mistake here You can't looking at the facts and some of the facts that I decided in my brief that were not cited in the appellant's brief As far as mother specific complaint It is not readily apparent here that the parties were communicating or that the parties were cooperating at the time Given that It can't be said that the trial court abuses discretion when it terminated the joint parenting agreement nor when it awarded the sole custody to them The essential problem we have here Mr.. Galloway's done. We could essential problem is There just isn't evidence of specific examples of a failure to cooperate His brief simply recites the statements of the court when We're quarreling with those findings. We don't believe the findings of the court were supported by the evidence Doctors appointments somebody had to make doctors for the children There was no testimony by the way that he didn't father by the way didn't attend the doctor's appointments Simply that mother was the one She didn't say this that she was the exclusive person. It was simply that she made the appointments for the children and yes she notified father by electronic means of the appointments What about the Mr.. Galloway's assertion that at the time the joint parenting agreement was entered into there's basically a presumption that the parties are cooperating and you use that as the starting point and then According to the analysis to determine if there's been a change you look at the point in time that the petition is filed To terminate the joint parenting agreement and the parties aren't cooperating at that point whether or not it's unilateral In terms of the lack of cooperation and there you have it just in a broad sense a change from where at the initial starting point there was cooperation to the point of the filing where There is evidence that there's failure to cooperate unilateral or not That's sufficient no of course that's it is sufficient if indeed there is evidence to support a finding of failure to cooperate again the the crux of our argument here is that the relationship between mother and father had not changed from the time of the divorce up until the time of trial There was some animosity there but in terms of the question of cooperation on matters that directly affect the children the evidence was completely lacking on that point and So in answer to your question yes Mother who has the burden of proof here came in by and by clear and convincing evidence To convince this judge That there was a change in circumstances regarding these parties ability to cooperate on matters Pertaining to the children well, then yes The conclusion to terminate the joint parenting agreement would be justified But we didn't have that here and again. I'm referring to mr.. Galloway's arguments The doctor's appointments the weekend the exchange that was one witness who said that they had an issue with Exchanging the children on a weekend that was one witness the parties indicated specific Mr.. Groves certainly did that they were able to work together to accommodate their schedules and the children's Schedule and work together to change some things regarding visitation Lastly the counseling I touched upon this already As the court indicated mr. Grove had known advanced knowledge whatsoever of the counseling with Ashley and was completely surprised that She needed it Certainly that can't be an evidence of a failure to cooperate the court was required by section 610 to make specific findings of fact to support a Modification of custody his findings are They weren't talking Verbally, there's no other findings that he makes unfortunately To show a lack of or a failure to cooperate Because there wasn't evidence of that mother had the burden of proof to come in and demonstrate by example why? Tell us why you believe that you're not able to cooperate. She didn't do that. It was not Mr.. Groves burden to show successes I Think he did, but it wasn't his burden to do that. He didn't have to come into court And he's not trying to change anything He thinks the parenting schedule was fine. He thinks it was in the best interest of the children the children never demonstrated any evidence or manifestation that they were unhappy with that schedule It was mother who was required to come in and show that the that modification was necessary One last point sightseeing that that case it's of course its fourth district We think that more supports father's position that mother the court made the specific comment in that case That the court will not should not Consider evidence of failure to cooperate simply on all statements from one party in this case. It was the mother That's exactly what we have here. I'm saying she can't cooperate, but there's no evidence to support that state. Thank you Take this better than advisement to stay in recess